# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONSO PERCY PEW, *also known as* SEHU-KESSA SAA TABANSI, | Civil Action No. 14 – 984 |
| Plaintiff, | District Judge David S. Cercone |
| v. | Chief Magistrate Judge Lisa Pupo Lenihan |
| JOANNE TORMA, *et al.*, | |
| Defendants. | |

## REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 3) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff's right to reopen it by paying the full $400.00 filing fee.[1] To the extent Plaintiff alleges that Defendants are denying him his Agreed Dietary Accommodation as provided for in the settlement agreement at ECF 146 in Pew v. Torma, CA No. 03-1728 (W.D. Pa.), it is recommended that Plaintiff file a Motion to Enforce Settlement Agreement in that case pursuant to paragraph 4 of that document.

---

[1] On May 1, 2013, the cost of filing a new civil case in federal court increased to $400.00. This increase includes a $50.00 administrative fee in addition to the current $350.00 filing fee. However, the $50.00 administrative fee does not apply to prisoner cases filed *in forma pauperis* under 28 U.S.C. § 1915, but if Plaintiff wishes to proceed with this matter then he is subject to the administrative fee for the reasons outlined in this Report and Recommendation.

## II. REPORT

Plaintiff, Alfonso Percy Pew, is an inmate currently incarcerated at the State Correctional Institution at Camp Hill. He has sought leave to proceed *in forma pauperis* ("IFP") in order to file a civil rights complaint against numerous Pennsylvania Department of Corrections ("DOC") officials and employees for alleged violations that include, *inter alia*, retaliation, denial of the free exercise of religion, arbitrary placement in segregated confinement, denial of due process and denial of the religious dietary accommodations that was the subject of the settlement agreement in Pew v. Torma, CA No. 03-1728, ECF No. 146 (W.D. Pa.), entered into on November 17, 2006.

It is a plaintiff's burden to prove entitlement to IFP status. *See* White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

The Court takes judicial notice of court records and dockets of the Federal Courts located in the Commonwealth of Pennsylvania as well as those of the Court of Appeals for the Third Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). The computerized dockets of those courts reveal that Plaintiff has filed at least 29 cases in the three District Courts and at least 14 actions in the Court of Appeals. Those dockets further reveal that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g),[2] which provides in relevant part that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it

---

[2] *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), *cert. denied*, 533 U.S. 953 (2001).

was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).

The three strikes that Plaintiff has accumulated are the following. The first strike is Pew v. Cox, No. 93-2041 (3d Cir. Order of dismissal filed 3/31/94 which reads in pertinent part "ORDER . . . granting appellant's motion to proceed in forma pauperis. Dismissing appeal pursuant to 28 U.S.C. Section 1915(d). Dismissing the motion for counsel as moot"). The second strike is Pew v. Casner, No, 95-71716 (3d Cir. Order of dismissal filed 7/31/95 providing as follows: "Order . . . granting motion for leave to proceed in forma pauperis. The appeal is dismissed as frivolous pursuant to the terms of 28 U.S.C. Section 1915(d)"). The third strike is Percy v. Love, No. 96-7314 (3d Cir. Order of dismissal filed 10/24/96 which granted Plaintiff permission to proceed IFP but which provided that the "appeal is dismissed for lack of legal merit pursuant to 28 U.S.C. Section 1915(e).").[3] Furthermore, the fact that at least two of these strikes occurred before the enactment of the PLRA is no bar to counting them as strikes. *See* Keener v. Pennsylvania Bd. Of Probation and Parole, 128 F.3d 143, 144 (3d Cir. 1997). Accordingly, because Plaintiff had at least three strikes,[4] he may not proceed IFP unless he is "under imminent danger of serious physical injury" as revealed by the complaint as of the time

---

[3] A dismissal for "lack of legal merit" is a dismissal for frivolousness within the meaning of Section 1915(e). *See* Snyder v. Riggs, Civil No. 96-1569, 1996 WL 103820, at *4 (E.D. Pa. March 8, 1996) (equating a claim "without legal merit" to a claim that is "frivolous").

[4] In fact, Plaintiff has more than three strikes. Some of the other strikes are as follows: Pew v. Cox, No. 1993-CV-4128 (E.D. Pa. order of dismissal Doc. #2); Pew v. Pavicic, No. 94-CV-4821 (E.D. Pa. order of dismissal Doc. #2). Moreover, there is no bar to counting the dismissal of a case in the District Court level as one strike and the dismissal of appeal as frivolous by the Circuit Court of Appeals from the District Court's disposition as a second strike. Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 2996) ("both the frivolous appeal and a lower court's dismissal as frivolous count" as strikes); Hains v. Washington, 131 F.3d 1248, 1250 (7th Cir. 1997) ("A frivolous complaint (or as in this case a complaint that is dismissed under § 1915A for failure to state a claim) followed by a frivolous appeal leads to two "strikes" under 28 U.S.C. § 1915(g)."); Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissal count as strikes.").

of filing the application for leave to proceed IFP and/or the complaint. *See* Abdul-Abkar v. McKelvie, 239 F.3d 307 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) ("The plain language of the statute [i.e., Section 1915(g)] leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.").

Viewing Plaintiff's allegations most generously, the Court has no hesitancy in concluding that Plaintiff has not met the threshold of showing "an **imminent** danger of serious physical injury" at the time of his filing the Complaint which the Court takes to be June 12, 2014, the date he signed his Complaint. (emphasis added). *See*, *e.g.*, Abdul-Akbar v. McKelvie, 239 F.3d at 313, ("Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"). To the extent Plaintiff claims that defendants' failure to provide him with his required dietary accommodation poses an imminent danger to his health, Plaintiff should seek relief by filing a Motion to Enforce Settlement Agreement in Pew v. Torma, CA No. 03-1728 (W.D. Pa.).[5] All other complaints of imminent danger do not meet the required threshold as they are neither imminent nor pose a physical danger.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 3) be denied in accordance with 28 U.S.C. §

---

[5] Paragraph 4 of that Settlement Agreement at ECF No. 146 specifically states that the parties "consent and agree to submit themselves to the continuing jurisdiction of this Court for the purposes of enforcing the terms of this Agreement." It further states that Plaintiff "shall not be required to file a new lawsuit to enforce such terms, but may seek immediate redress by filing a "Motion to Enforce Settlement Agreement" under the caption and at the docket number set forth hereinabove with this Court."

1915(g) and that this action be dismissed without prejudice to Plaintiff's right to reopen it by paying the full $400.00 filing fee.  To the extent Plaintiff alleges that Defendants are denying him his Agreed Dietary Accommodation as provided for in the settlement agreement at ECF 146 in <u>Pew v. Torma</u>, CA No. 03-1728 (W.D. Pa.), it is recommended that Plaintiff file a Motion to Enforce Settlement Agreement in that case pursuant to paragraph 4 of that document.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file timely objections will constitute a waiver of any appellate rights.

Dated:  August 12, 2014

<u>/s/ Lisa Pupo Lenihan</u>
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Alfonso Percy Pew
    BT-7263
    SCI Camp Hill
    P.O. Box 200
    Camp Hill, PA  17002-0200
    (Via First Class Mail)