IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALFONSO PERCY PEW, *also known as* SEHU-KESSA SAA TABANSI,

        Petitioner,

v.

JOANNE TORMA, *et al.*,

        Respondents.

Civil Action No. 14 – 984

District Judge David S. Cercone
Magistrate Judge Lisa Pupo Lenihan

## MEMORANDUM ORDER

Alfonso Percy Pew ("Plaintiff") initiated this action on July 22, 2014, by submitting for filing a Complaint pursuant to 42 U.S.C. § 1983. Because no filing fee or motion for leave to proceed *in forma pauperis* ("IFP") accompanied his Complaint, the case was closed, and the Court instructed Plaintiff to pay the filing fee or submit a motion for IFP so that it could be reopened. Plaintiff filed a motion for IFP on August 1, 2014, and the motion was referred to United States Magistrate Judge Lisa Pupo Lenihan in accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules of Court.[1]

Upon consideration of Plaintiff's motion for IFP, the Magistrate Judge issued a Report and Recommendation, recommending that the motion be denied in accordance with 28 U.S.C. § 1915(g). In other words, because Plaintiff had accumulated "three strikes" within the contemplation of that statute, he cannot proceed IFP unless he is "under imminent danger of

---

[1] Plaintiff is currently incarcerated at SCI-Mahoney, which is located within the boundaries of the Middle District of Pennsylvania. He is complaining about conduct that has exclusively occurred at SCI-Mahoney.

1

serious physical injury," which the Magistrate Judge found he had not sufficiently alleged in his Complaint.

In his Complaint, Plaintiff alleges that defendants, employees at SCI-Mahanoy, intimidate and discriminate against him in retaliation for practicing his religion. Specifically, he claims that defendants harass and stalk him, threaten to cut his hair despite having a religious hair exemption, force him to eat foods prohibited by his religion, and punish him by placing him in solitary confinement. He also claims that defendants deprived him of due process in connection with a disciplinary hearing that lead to his placement in solitary confinement for 90 days, with an inmate stability code of D.

Plaintiff also alleges that he is being deprived of the "Vegan Bag" meals that he is entitled to pursuant to the Settlement Agreement in Pew v. Torma, CA No. 03-1728 (W.D. Pa.) at ECF No. 146, entered into by the parties in that case on November 17, 2006.[2] As a result of not receiving the Vegan Bag meals, he allegedly suffers from medical issues, which include Vitamin D deficiency, sleep deprivation and starvation.

Service of the Magistrate Judge's Report and Recommendation was made on Plaintiff, and he was informed that, in accordance with the Magistrate Judge's Act, 28 U.S.C. §

---

[2] Since 2010, Plaintiff has filed nine motions to enforce the Settlement Agreement in CA No. 03-1728. Magistrate Judge Lenihan, the presiding judge in that case, has denied eight of the motions for various reasons, and the ninth motion is currently pending and set for a hearing on December 11, 2014. The dispute arises out of the DOC's change in Plaintiff's meal plan in 2010, to a No Animal Product Tray, which the DOC believes complies with the terms of the Settlement Agreement. Plaintiff, however, believes that the DOC has breached the terms of the Agreement because he is not receiving a "Vegan Bag" containing specific food and drink items on a menu that was allegedly created for him pursuant to a Religious Accommodation Request form, which he submitted after entering into the Settlement Agreement. The Court believes that this dispute will be resolved at the hearing on December 11, 2014.

636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, he had until August 29, 2014 to file objections. Plaintiff's Objections are dated September 2, 2014.

Although his Objections are untimely, the Court has taken them into consideration, but finds that they do not undermine the recommendation of the Magistrate Judge. Plaintiff attempts to show "imminent danger" by alleging that he is not receiving the food items that he is entitled to pursuant to the aforementioned Settlement Agreement and that as a result he is forced to eat foods that make him sick. This issue, however, has already been decided in Plaintiff's lawsuit at CA No. 03-1728, and Plaintiff's pending motion to enforce the Settlement Agreement in that case is scheduled for hearing on December 11, 2014. Therefore, Plaintiff is precluded from raising the same issue in this case by the doctrine of collateral estoppel. Moreover, the Court can readily assume that Plaintiff is eating, and therefore not in imminent physical danger, because he has been complaining about this issue for four years.

Therefore, after reviewing the pleadings and documents in this case, together with the Report and Recommendation, and the Objections thereto, the following Order is entered:

**AND NOW**, this  10th day of December, 2014,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 6) of Magistrate Judge Lenihan, dated August 12, 2014, is adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 3) is **DENIED** in accordance with 28 U.S.C. § 1915(g). Plaintiff must pay the full $400.00 filing fee if he wishes to proceed with this action.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order a notice of appeal, as

provided in Fed. R. App. P. 3, must be filed with the Clerk of Court, United States District Court, at 700 Grant Street, Room 3110, Pittsburgh, PA 15219, within thirty (30) days.

*DS Cercone*

David S. Cercone
United States District Judge

cc: Alfonso Percy Pew
BT-7263
301 Morea Road
Frackville, PA 17932